UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.  2:05-cr-0383 |
| Plaintiff, | |
| v. | **ORDER** |
| JORGE ARMANDO GONZALEZ, | |
| Defendant. | |

----oo0oo----

        Defendant has filed a Motion to Vacate, Set Aside or Correct Sentence, pursuant to 28 U.S.C. § 2255. (Docket No. 246.) The sole basis for the motion is defendant's claim that his attorney rendered ineffective assistance by his "failure to investigate and research relevant case laws . . . because it caused the court to error [sic] in thinking that the court needed 'compelling' reasons to give Gonzalez a non-Guideline sentence."

        Defendant repeatedly states in his motion that the court used a pre-Booker analysis and assumed there had to be "compelling reasons" to impose a sentence outside the guidelines.

1

This court is in the best position to know whether it misunderstood the proper role of the sentencing guidelines at the time it imposed sentence upon this defendant, and can state unequivocally that it fully understood the ramifications of United States v. Booker, 543 U.S. 220 (2005), and its progeny at the time of sentencing.

The sentencing transcript (Docket No. 218) confirms the court's correct understanding of the role of the sentencing guidelines in federal sentencing. The court first, as it is required to do, found the applicable offense level and criminal history under the guidelines. The court then observed on page 27 of 37 that it "needs to fashion a sentence which is reasonable and sufficient but not greater than necessary to accomplish all of the purposes in Section 3553(a) of Title 18, United States Code. We have the guidelines calculated. There are other factors the Court must consider."

The court then, after hearing from the defendant personally, went on to expressly address all of the section 3553(a) factors discussed in the parties' briefs, including defendant's remorse, his family circumstances, his post-offense rehabilitation, his alleged lack of youthful guidance, his employment history, and the seriousness of the offense. The court then stated that

> All of this considered, the Court finds that the sentence recommended by the probation officer, which is at the bottom of the guidelines, is fair, reasonable, sufficient but not greater than necessary to accomplish all of the sentencing purposes of Section 3553(a) of Title 18, United States Code.

The court's understanding of Booker could not have been clearer.

1  Nowhere in the sentencing transcript did the court state that
2  "compelling reasons" were required to overcome the guidelines or
3  that there was a "presumption" that the guidelines were
4  reasonable, as defendant repeatedly avers in his motion.
5       Moreover, defense counsel did not, as defendant argues,
6  fail to argue the other section 3553(a) factors.  On page 24 of
7  37 of the sentencing transcript, defense counsel makes reference
8  to the "Booker variances" discussed in his moving papers and asks
9  the court "to consider the totality of the circumstances, both
10 the individual 3553 factors, to arrive at a disposition. . ."
11 More importantly, however, because the court did not need defense
12 counsel to educate it on the proper place of the guidelines in
13 federal sentencing, defense counsel's alleged failure to do so
14 could not have amounted to ineffective assistance of counsel.[1]
15      IT IS THEREFORE ORDERED that defendant's Motion to
16 Vacate, Set Aside or Correct Sentence, pursuant to 28 U.S.C. §
17 2255 be, and the same hereby is, DENIED.  The court declines to
18 issue a certificate of appealability.
19 Dated:  October 7, 2013

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

---

[1] Because the court does not need a response from the government, this motion is decided without calling for a response.

3